**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CR-06-2077-TUC-DCB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Fernando Campos-Gomez, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B) and the local rules of practice of this Court for hearing and a Report and Recommendation (R&R) on the Defendant's Motion to Dismiss. Before the Court is the Magistrate Judge's Report and Recommendation on the Defendant's Motion to Dismiss. The Magistrate Judge recommends, after conducting a hearing, that the Motion to Dismiss may be denied.  The Defendant filed Objections to this Recommendation and the Plaintiff filed a Response to the Objections.

**BACKGROUND**

On December 13, 2006, Defendant was indicted for one count each of illegal re-entry after deportation, alien in possession of a firearm, and felon in possession of a firearm.  In his Motion to Dismiss, Defendant urges dismissal of the illegal reentry and alien in possession of a firearm charges, because the underlying deportation proceeding in October

3, 2000 violated due process and unconstitutionally prejudiced him.[1] "He argues the Immigration Judge (IJ) at the deportation hearing erroneously told him he was not eligible for a §212(c) waiver and further failed to properly inquire if he wanted to proceed without counsel." (R&R at 1.) Defendant also maintains that he had plausible grounds for such a waiver. A hearing on the motion was conducted before the Magistrate Judge on September 23, 2008.

## STANDARD OF REVIEW

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

## DEFENDANT'S OBJECTIONS

Defendant generally objects to all of the legal and evidentiary conclusions contained in the Report and Recommendation: (1)finding that the law eliminating the §212(c) waiver is not retroactive as applied to Defendant; (2) no showing that elimination of the §212 waiver operated to Defendant's detriment; (3) finding no evidence that Defendant would not have acted differently had he known of the elimination of the §212 waiver; and (4) finding that Defendant did establish prejudice from the Immigration Judge's failure to properly ascertain if he wanted to proceed pro se.

---

[1] The basis for deportation was an arrest and conviction pursuant to a plea agreement for conspiracy to possess and distribute marijuana, for which he was sentenced to serve five years in prison. Defendant was arrested on February 29, 1996 and, after a routine continuance, pled guilty on October 4, 1996. In the interim, on April 24, 1996, the AEDPA and later the same year IIRIRA were enacted which eliminated §212(c) relief for defendants convicted of an aggravated felony or a drug offense. Defendant appeared before the IJ in the removal proceeding in October 2000.

**DISCUSSION**

Defendant argues that the law eliminating the waiver is impermissibly retroactive in his case based on the holding in *INS v. St. Cyr*, 533 U.S. 289, 323-24 (2001). The Magistrate Judge reasoned that because she found that the Defendant presented no evidence of detrimental reliance, *St. Cyr* does not apply in his case. Contrary to the Defendant's assertion that evidence was presented of detrimental reliance, the Magistrate Judge found that Defendant presented no evidence that had he known the waiver would be eliminated in the near future, he would have pled guilty right away rather than agree to a continuance. The Magistrate Judge went on to find that "the defendant, however, misconstrues the test. It is not enough to show his decision operated to his detriment. This he cannot do. The elimination of the waiver by itself did not make the continuance problematic . . . the elimination of the waiver did not deprive him of the benefit of his decision to continue plea negotiations." (R&R at 6.) The Magistrate Judge goes on to find that "the question is whether [Defendant] 'might have acted differently had he anticipated [the elimination of the waiver], not whether he might have acted differently if he had anticipated *St. Cyr*.'" (R&R at 6.) Because the Magistrate Judge found that Defendant provided no evidence that he relied to his detriment on the continued existence of the waiver, he cannot benefit from the holding in *St. Cyr*.

Defendant offers an alternative theory that *St. Cyr* applies because he "reasonably relied on the future existence of the waiver when he committed his underlying crime." (R&R at 7.) Ninth Circuit Court of Appeals precedent renders this argument legally incorrect. Defendant then argues the case precedent was wrongly decided. The Magistrate Judge

correctly found that the Court is obligated to follow and apply Ninth Circuit precedent in this case.

Defendant finally argues that the underlying deportation violated due process because the IJ failed to ascertain if he wanted to proceed pro se. Again, the Magistrate Judge found no evidence of prejudice and without the evidence of prejudice there is no right to a waiver.

The Court, after conducting a de novo review, will adopt all of the findings and conclusions of the Magistrate Judge. Defendant's deportation was fully adjudicated and executed prior to the *St. Cyr* decision, consequently Defendant may not obtain the retroactive benefit of the holding in *St. Cyr*. *Alvarenga-Villalobox v. Ashcroft*, 271 F.3d 1169, 1172 (9th Cir. 2001)(holding that aliens whose deportation orders were entered prior to *Magana-Pizano v. INS*, 200 F.3d 603 (9th Cir. 1999), may not simply re-enter and apply for a §212(c)); *see also, Avila-Sanchez v. Mukasey*, 509 F.3d 1037, 1041 (9th Cir. 2007), *cert.denied*, ___S.Ct.___ (2008). Because *St. Cyr* does not apply retroactively to Defendant, he was not entitled to §212(c) relief at the time of the hearing and deportation. The Magistrate Judge correctly applied Ninth Circuit precedent, *Saravia-Paguada v. Gonzales*, 488 F.3d 1122, 1133 (9th Cir. 2007), *cert.denied*, 128 S.Ct. 2499 (2008). *See Hernandez de Anderson v. Gonzales*, 497 F.3d 927, 943 (9th Cir. 2007). Defendant's arguments to the contrary are without merit. Finally, Defendant did not establish prejudice with reference to the alleged failure of the IJ to ascertain if Defendant wanted to proceed pro se. *Tawadrus v. Ahscroft*, 364 F.3d 1099, 1105 (9th Cir. 2004); *see also, Ram v. Mukasey*, 529 F.3d 1238, 1241 (9th Cir. 2008).

**CONCLUSION**

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. No. 46) in its entirety. The Objections (Doc. No. 48) raised by the Defendant are **OVERRULED**.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. No. 27) is **DENIED**.

DATED this 12th day of November, 2008.

David C. Bury
United States District Judge